*Practice.*—In an action of covenant, special matter not allowed to be given in evidence under the plea of *non est factum*—though consented to by the plaintiff's counsel.

THE declaration stated that the defendant, by his deed, bearing date *April* 7, 1787, in consideration of £100 paid him by the plaintiff, conveyed to him in fee simple a certain tract of land lying in *A*, and in the same deed covenanted that the premises were free and clear of all encumbrances, &c. Breach alleged, that the premises were not free, &c. of encumbrance, because, at the time of making and executing the deed, there was, ever since has been, and yet is, a public road, or *town-way*, six rods wide, running through the same, containing two acres and one quarter of an acre.

To this declaration the defendant pleaded *non est factum*; reserving a right to give any special matter in evidence. The plaintiff, consenting to the reservation, joined the issue.

The Court (*Strong*, *Sedgwick*, *Sewall*, and *Thatcher*, justices) inquired of the defendant's counsel what special matter was intended to be given in evidence under this issue; and on being informed that the existence of the way was not denied, but that the reservation in the plea was for the purpose of proving to the jury that the road was a privilege—a benefit—and not an encumbrance; they directed the pleadings to be set aside—saying it would be absurd to try, under this issue, whether the road be an encumbrance or not—*that* being a mere question of law, and would come properly before the Court upon a demurrer to the declaration. Suppose the trial were to proceed under this issue, and the Court should be of opinion that the road is not an encumbrance, then they must direct the jury to find for the defendant. What? That the deed declared on is not the defendant's deed?

*Ives* and *Dewey* for the plaintiff. *Bidwell* for the defendant.

[ * 6 ]                    ➤

## *COMMONWEALTH *versus* WILLIAM MILLARD.

In a criminal case, the Court will not put off the trial on account of the absence of a witness, believed by the defendant to be material, if such witness do not reside within the jurisdiction of the Court. In an indictment for shop

Commonwealth *vs.* Millard.

breaking and stealing from the shop, proof that part of the goods stolen **were** found in the possession of the defendant, is *prima facie* evidence that the defendant is guilty of the whole charge in the indictment.

THIS indictment, which was found at the last term of this Court, but not brought on for trial because one only of the justices was then present, (*a*) charged, that the defendant broke and entered a shop in the night-time, and stole therefrom divers goods, wares, &c., against the statute, &c.—Upon his being set to the bar for trial, he having pleaded not guilty, he moved to have his trial postponed to the next term, that he might have time to procure witnesses who resided in the states of *New York* and *Vermont.* The defendant said he had written several times to a man in *Vermont,* but had received no answer: he did not pretend that he had used any other endeavor to procure his witnesses, although there had been an interval of four months from the last to the present term.

The Court (*Strong, Sedgwick, Sewall,* and *Thatcher,* justices present) refused to put off the trial—they said that it was doubtful, even from his own story, whether he really had any witnesses, as he pretended—but if it were true, it was no reason for a continuance, as he could not compel them to attend, they living out of the jurisdiction of the Court. (1)

Upon the trial it was proved that part of the goods stolen from the shop were found in the possession of the defendant. SEDGWICK, J., (who charged the jury,) stated this proof to be presumptive evidence not only that he stole the whole of the articles taken from the shop, but also of his breaking and entering as alleged in the indictment; unless the defendant would give some reasonable ac-

---

(*a*) See *Stat.* 1803, *c.* 94, § 6.

(1) In the case of *Mostyn* vs. *Fabrigas, Cowp.* 161, which was an action of trespass and false imprisonment, brought by a *Minorquin,* for wrongs alleged to have been done in Minorca by the defendant, while governor of that island, Lord Mansfield, in delivering the opinion of the court, says, " As to suggestions with regard to the difficulty of bringing witnesses, the court must take care that the defendant is not surprised," &c. &c.

" If he wants the testimony of witnesses whom he cannot compel to attend, the court may do what the court did in the case of a *criminal prosecution* of a woman who had received a pension as an officer's widow, and it was charged in the indictment that she was never married to him. She alleged a marriage in Scotland, but that she could not compel her witnesses to come up to give evidence. The court obliged the prosecutor to consent that the witnesses might be examined before any of the judges of the Court of Sessions, or any of the barons of the Court of Exchequer, in Scotland, and that the depositions so taken should be read at the trial. *And they declared that they would have put off the trial from time to time, forever, unless the prosecutor had so consented.* The witnesses were so examined before the lord president of the Court of Sessions." *Ib.* 174.

[The defendant did not show that he had used due diligence, and had failed to procure the attendance of the witness merely in consequence of his living out of the jurisdiction.—ED.]

count how he came by the goods—which he did not attempt to do The jury found the defendant guilty of the whole charge

[ * 7 ]